UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re Application of COSIMO BORRELLI, Petitioner. | Case No. 20-mc-80154-JSC<br><br>**ORDER RE EX PARTE APPLICATION FOR DISCOVERY ORDER**<br>Re: Dkt. No. 1 |

This miscellaneous action arises out of an underlying dispute between parties Alfa-Bank and Mikhail Abyzov pending before the Supreme Court of Cyprus. (Dkt. No. 1 at 2.) On October 14, 2019, the Eastern Caribbean Supreme Court, In the High Court of Justice, Commercial Division, Virgin Islands ("BVI Court") in an action related to Alfa-Bank's claims against Mr. Abyzov, Case No. BVIHCOM 2019/0127 (the "BVI Proceeding"), issued an order appointing Petitioner Cosimo Borrelli as Receiver of Batios Holdings Limited ("Batios") and Brasspoint Trading Limited ("Brasspoint"). (Dkt. No. 2 ("Borrelli Declaration") at ¶¶ 1-3).) Alfa-Bank has obtained worldwide receivership orders against entities believed to be owned by Mr. Abyzov to preserve these entities' assets pending the outcome of the proceeding in the Supreme Court of Cyprus. (Borrelli Decl. ¶ 5.) As receiver of Batios and Brasspoint, entities believed to be owned by Mr. Abyzov, Mr. Borrelli is tasked with preserving their assets, and is empowered to manage these assets in and outside of the British Virgin Islands. (Dkt. No. 2 at 8 ¶ 1.)

White Summers Caffe & James LLP ("White Summers") is a law firm located in Redwood City, California that previously served as counsel to Batios and Brasspoint. Even after meeting and conferring, White Summers has refused Mr. Borrelli's requests for the entities' client files, the entities' funds held by White Summers, and accounting files regarding those funds. (Dkt. No. 3 ("Loeb Declaration") ¶¶ 2-3.) Pursuant to 28 U.S.C. § 1782 and in his capacity as a receiver

appointed by the BVI Court, Mr. Borrelli seeks an order authorizing service of a document subpoena on White Summers regarding the entities' client files and funds. (*See* Dkt. No. 1.)  For the reasons set forth below, the Court GRANTS Mr. Borrelli's application.

**I.      Statutory Prerequisites**

Section 1782 is intended "to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). While *ex parte* applications are disfavored, § 1782 applications are often considered on an *ex parte* basis because "orders granting § 1782 applications typically only provide that discovery is authorized, and thus the opposing party may still raise objections [and] challeng[e] the discovery after it is issued via [a] motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re Ex Parte Application of Ambercroft Trading Ltd.*, No. 18-MC-80074-KAW, 2018 WL 2867744, at *3 (N.D. Cal. June 11, 2018) (internal quotations and citations omitted).  It is within the district court's discretion to grant a § 1782(a) discovery application unless the disclosure would violate a legal privilege.  *See Intel*, 542 U.S. at 260. Section 1782(a) imposes three threshold requirements a petitioner must satisfy: (1) the person from whom discovery is sought must reside in the district where the application is made; (2) the discovery sought is "for use in a proceeding in a foreign or international tribunal"; and (3) the application is made by "any interested person."  28 U.S.C. § 1782(a).

Mr. Borrelli's application satisfies § 1782(a)'s statutory requirements.  White Summers is a California firm with its principle place of business in Redwood City, California.  (Dkt. No. 1 at 6.)  Mr. Borrelli seeks to secure and use the requested discovery in the proceeding before the BVI Court, a foreign tribunal under § 1782(a). *See In re Ming Yang*, No. 19-MC-80191-VKD, 2019 WL 3891444, at *1 (N.D. Cal. Aug. 19, 2019) (holding that the Eastern Caribbean Supreme Court of the British Virgin Islands is a "foreign tribunal" under § 1782(a)). Finally, as a court-appointed receiver, Mr. Borrelli is an "interested person" under the statute. *See Intel*, 542 U.S. at 256 ("The text of § 1782(a) [defining "interested person"] . . . plainly reaches beyond the universe of persons designated 'litigant.'"); *In re Dickson*, No. 20-MC-51 (RA), 2020 WL 550271, at *1 (S.D.N.Y. Feb. 4, 2020) (holding that petitioners were "interested parties in the foreign proceeding" because

they were receivers appointed by the Grand Court of the Cayman Islands). Accordingly, Mr. Borrelli has satisfied § 1782(a)'s threshold requirements.

## II. *Intel* Factors

Once an applicant has satisfied § 1782(a)'s statutory requirements, a district court may authorize discovery after considering the four *Intel* factors. *Intel*, 542 U.S. at 264. These factors include: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding," in which case "the need for § 1782(a) aid is not as apparent"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign . . . court or agency abroad to U.S. federal court judicial assistance"; (3) whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or of the United States"; and (4) whether the requested discovery is "unduly intrusive or burdensome." *Id.* at 264-65.

Regarding the first *Intel* factor, White Summers is not a party to the BVI Proceeding. The key issue under this factor, however, is "whether the material is obtainable through the foreign proceeding." *In re: Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-MC-80048-MEJ, 2016 WL 1161568, at *3 (N.D. Cal. Mar. 24, 2016) (internal quotations and citations omitted). Because White Summers is "outside the foreign tribunal's jurisdictional reach" and its evidence, "available in the United States, may be unobtainable absent § 1782(a) aid," *Intel*, 542 U.S. at 264, the Court finds this factor weighs in favor of granting the application.

The second *Intel* factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Apple Retail UK Ltd.*, No. 20-MC-80109-VKD, 2020 WL 3833392, at *3 (N.D. Cal. July 8, 2020) (internal quotations and citations omitted). Other courts have found that British Virgin Island courts are receptive to federal court judicial assistance. *See, e.g., In re Ex Parte Application of Ambercroft Trading Ltd.*, 2018 WL 2867744, at *4 (collecting cases). The Court agrees. While this factor would weigh against an applicant where "there is reliable evidence that the foreign tribunal would not make use of any of the requested material," *id.* (internal quotations and citation omitted), there is no evidence here to indicate that the BVI Court

3

would not make use of the discovery Mr. Borrelli seeks.[1]  Accordingly, the second *Intel* factor weighs in favor of granting the application.

Under the third *Intel* factor, the Court asks whether the application "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 264.  Courts have found this factor weighs in favor of granting a discovery request where "there is nothing to suggest that [an applicant] is attempting to circumvent foreign proof-gathering restrictions." *See, e.g.*, *In re Google Inc.*, No. 14-MC-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014).  The Court finds this reasoning persuasive.  There is nothing to indicate that Mr. Borrelli is circumventing any foreign proof-gathering restrictions with his application; in fact, he is authorized and empowered to seek this discovery pursuant to the BVI Court's Receivership Order.   As such, this factor also weighs in favor of granting discovery.

Finally, the Court considers whether Mr. Borrelli's discovery request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265.  It is not.  The request is limited to White Summer's client files for Batios and Brasspoint, and to whatever funds White Summers currently holds or previously held for these entities.  (Dkt. No. 1 at 11.)  Furthermore, where a party has the "opportunity to [later] object to the request or portions of it following the service of the subpoena," *In re Apple Retail UK Ltd.*, 2020 WL 3833392, at *4, this additionally weighs the fourth *Intel* factor in the applicant's favor.  White Summers may object to all or portions of Mr. Borrelli's subpoena after its service.  Accordingly, the fourth *Intel* factor favors the authorization of discovery.

## CONCLUSION

Mr. Borrelli's application meets § 1782(a)'s threshold statutory requirements.  Additionally, the *Intel* factors favor the Court's exercise of its discretion to authorize discovery.

---

[1] White Summers has argued that the BVI Court's Receivership Order does not apply outside of the British Virgin Islands. (Loeb Decl. ¶ 3.)  The Court agrees with Mr. Borrelli, however, that the Receivership Order does not preclude him from seeking discovery from this Court or other courts outside of the British Virgin Islands and that, moreover, the BVI Court would be receptive to this discovery. In fact, the Receivership Order explicitly authorizes the discovery of assets outside of the British Virgin Islands. (Dkt. No. 2 at 9-10.)

As such, the Court GRANTS Mr. Borrelli's application, and he may serve the requested document subpoena on White Summers. At the time of service Mr. Borrelli must also serve a copy of this Order with the subpoena. Nothing in this Order prevents White Summers from moving to quash or modify the subpoena following its service.

**IT IS SO ORDERED.**

Dated: September 22, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge